Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
Jason J. Thomas, Esq.
Nevada Bar No. 16148
jthomas@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ARUZE GAMING AMERICA, INC.,<br><br>Debtor. | Case No.: 23-10356-ABL<br><br>Chapter 11 |
| AMANDA DEMBY SWIFT, AS LIQUIDATING TRUSTEE OF THE ARUZE GAMING AMERICA LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>ROYAL CARGO INC.,<br><br>Defendant. | Adversary Proceeding No.: _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIM PURSUANT TO 11 U.S.C. § 502(d)**

Amanda Demby Swift, solely in her capacity as the liquidating trustee (the "**Liquidating Trustee**") of the Aruze Gaming America Liquidating Trust (the "**Liquidating Trust**") established pursuant to the *Order Confirming Combined Plan of Liquidation, as Amended, and Final Approval of Disclosure Statement, Jointly Proposed by the Debtor and the Official Committee of Unsecured Creditors* [ECF No. 743] (the "**Confirmation Order**") entered in the above-captioned Chapter 11

1

bankruptcy case (the "**Chapter 11 Case**") of Aruze Gaming America, Inc. ("**Aruze**" or the "**Debtor**") and the *Combined Chapter 11 Plan of Liquidation and Disclosure Statement Jointly Proposed by Debtor and the Official Committee of Unsecured Creditors* [ECF No. 651] (as amended, supplemented, or modified, the "**Plan**"), by and through her undersigned counsel, files this complaint (the "**Complaint**") against ROYAL CARGO INC. (the "**Defendant**") to avoid and recover preferential transfers and to disallow any claims held by the Defendant. In support of her Complaint, the Liquidating Trustee alleges as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding (the "**Adversary Proceeding**") is brought pursuant to Bankruptcy Rules[1] 3007 and 7001.

2. This Adversary Proceeding relates to the main Chapter 11 Case styled *In re Aruze Gaming America, Inc.*, Case No. 23-10356-ABL, currently pending before the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"). In accordance with Bankruptcy Rule 7008(a) and LR 7008, the Liquidating Trustee confirms her consent to the entry of final orders or judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. This Court has subject matter jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this Adversary Proceeding is a civil proceeding arising under and related to a case under the Bankruptcy Code, and pursuant to Article 10 of the Plan and the Confirmation Order.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (C), and (F).

---

[1] Unless otherwise indicated, all chapter and section references are to Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada. Unless otherwise stated, all "**ECF No.**" references are to the numbers assigned to the documents filed in the Chapter 11 Case as they appear on the docket maintained by the Clerk of the Court.

5. Venue of the Adversary Proceeding in this District and before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief sought herein are Sections 502, 547, and 550 of the Bankruptcy Code.

**PARTIES**

7. The Liquidating Trustee has been duly appointed to prosecute this Adversary Proceeding pursuant to the Plan and the Confirmation Order solely in her capacity as the Liquidating Trustee for the Liquidating Trust. The Liquidating Trust was created pursuant to the executed Liquidating Trust Agreement (attached to the Plan Supplement as <u>Exhibit 1</u>), the Plan, and the Confirmation Order.

8. Upon information and belief, Defendant Royal Cargo Inc. was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtor. Upon further information and belief, at all relevant times, Defendant was and is a business entity headquartered in the state of California. Defendant has transacted business in Nevada by virtue of its dealings with Debtor which are the subject of this proceeding.

**BACKGROUND**

A. **Procedural History.**

9. The Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 1, 2023 (the "**Petition Date**"). (ECF No. 1).

10. On November 30, 2023, the Bankruptcy Court entered the Confirmation Order confirming the Plan. (ECF No. 743).

11. The Plan established the Liquidating Trust and the Liquidating Trustee was duly appointed pursuant to the executed Liquidating Trust Agreement. (*See,* ECF No. 651, pgs. 5, 27-28 of 64, Art. 6, §§ D – E, and 29 – 31, Art. 6, §§ K – L; ECF No. 692, pgs. 8 – 34 of 44; ECF No. 743, pg. 2 of 75, ¶ 2b).

12. The Liquidating Trustee is expressly authorized to prosecute the Adversary Proceeding and Complaint pursuant to, among other applicable provisions, Art. 6, §§ E and L of the Plan and §§ 3.2 and 3.3.1(b), (c), (h), (j), (k), (p), (q), and (u) of the Liquidating Trust Agreement.

3

13. The Liquidating Trustee is expressly authorized to make and file objections to all claims pursuant to, among other applicable provisions Art. 6, §§ E and L and Art. 7, § B of the Plan.

14. Defendant is listed on Debtor's Amended Schedule E/F in the Chapter 11 Case at 3.83-F as an unsecured creditor holding a claim for $8,337.50.

**B.     The Transfers.**

15. As of the Petition Date, the Debtor was a developer of gambling entertainment solutions for the global casino market, including video and mechanical stepper slots, traditional and electronic table games, and associated products.

16. Upon information and belief, during the course of their relationship, the Defendant and the Debtor entered into agreements for the purchase of goods and/or services by the Debtor from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "**Agreements**").

17. During the ninety (90) days before and including the Petition Date, that is between November 3, 2022, and February 1, 2023 (the "**Preference Period**"), Debtor made payments of no less than $116,688.05 to Defendant (the "**Transfers**") in satisfaction of Debtor's obligations on certain invoices issued prior to the Transfers. The Transfers are comprised of the following payments:

| Payment Date | Payment Amount |
|---|---|
| 11/14/2022 | $63,029.46 |
| 12/1/2022 | $8,337.50 |
| 12/16/2022 | $8,337.50 |
| 12/22/2022 | $21,940.59 |
| 1/6/2023 | $13,641.25 |
| 1/13/2023 | $1,401.75 |

18. Plaintiff performed her own due diligence and evaluated the reasonably knowable affirmative defenses available to the Defendant. Based upon Plaintiff's review of the information available in the Debtor's books and records, Plaintiff has determined that while Defendant may have provided up to $45,321.09 in value to Debtor prior to the Petition Date in the form of additional goods

and/or services, Defendant lacks a complete defense to Plaintiff's Complaint.[2]

## FIRST CLAIM FOR RELIEF

### Avoidance of Preferential Transfers - 11 U.S.C. § 547(b)

19. The Liquidating Trustee re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint as though set forth fully herein.

20. Debtor made the Transfers to or for the benefit of Defendant during the Preference Period.

21. Each Transfer constituted a transfer of an interest in property of Debtor.

22. Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying goods and/or services to the Debtor.

23. Each Transfer was to or for the benefit of Defendant.

24. Each Transfer was made for, or on account of, an antecedent debt or debts owed by Debtor to the Defendant before such Transfer was made.

25. Each Transfer was made while the Debtor was insolvent.

26. The Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

27. As evidenced by the Debtor's schedules filed in the Chapter 11 Case, as well as the proofs of claim that have been filed to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors are not likely to receive a full payout of their claims against the Debtor's bankruptcy estate.

28. As a result of each Transfer, the Defendant received more than the Defendant would have received if: (i) Debtor's Chapter 11 Case was a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of the debts to the extent allowed by the Bankruptcy Code.

29. For the foregoing reasons, the Transfers are avoidable pursuant to Section 547(b).

---

[2] While the information in Debtor's books and records may support a partial defense, formal discovery may reveal additional information that could negate any affirmative defense. Accordingly, Plaintiff's Complaint seeks recovery of the full amount of the Transfers.

## SECOND CLAIM FOR RELIEF

### Recovery of Preferential Transfers - 11 U.S.C. § 550

30. The Liquidating Trustee re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint as though set forth fully herein.

31. Plaintiff is entitled to avoid the Transfers pursuant to Section 547(b).

32. Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

33. Under Section 550(a), Plaintiff is entitled to recover the Transfers from the Defendant, or the value thereof, plus interest thereon to the date of payment and the costs of this action.

## THIRD CLAIM FOR RELIEF

### Objection to Claim - 11 U.S.C. § 502(d)

34. The Liquidating Trustee re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint as though set forth fully herein.

35. Defendant is a transferee of Transfers avoidable under Section 547, which Transfers are recoverable under Section 550.

36. Defendant has not paid the amount of the Transfers for which Defendant is liable under Section 550.

37. Defendant is listed on Debtor's Amended Schedule E/F in the Chapter 11 Case at 3.83-F as an unsecured creditor holding a claim for $8,337.50.

38. Under Section 502(d), any and all claims of the Defendant and/or its assignee against the Debtor's estate (including, but not limited to, the claim listed on Debtor's Amended Schedule E/F) must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Transfers for which Defendant is liable under Sections 547 and 550, plus interest thereon and costs.

39. Under Section 502(j), any claim of Defendant and/or any assignee of Defendant against the Debtor which was or deemed to be allowed, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the

Transfers for which Defendant is liable under Sections 547 and 550.

**RESERVATION OF RIGHTS**

40. It is the Plaintiff's intention to avoid and recover all preferential Transfers made by the Debtor to or for the benefit of the Defendant or any other transferee. Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action that may become known to the Plaintiff through investigation and discovery at any time during this adversary proceeding and for the amendments to relate back to this Complaint.

**PRAYER FOR RELIEF**

41. WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

a. On the First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant pursuant to Sections 547(b) and 550(a) of the Bankruptcy Code, avoiding all of the Transfers and awarding Plaintiff the amount of the Transfers, all interest, costs and attorneys' fees as may be allowed by law;

b. On the Third Claim for Relief, judgment in favor of Plaintiff and against Defendant pursuant to Section 502(d) and (j) of the Bankruptcy Code, disallowing any claims held or filed by Defendant against the Debtor in the Chapter 11 Case (including, but not limited to, the claim listed on Debtor's Amended Schedule E/F) until Defendant returns the Transfers to Plaintiff pursuant to Section 502(d) and (j); and

c. Any further relief the Court finds just.

Dated: January 30, 2025.

SCHWARTZ LAW, PLLC

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
Jason J. Thomas, Esq.
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Attorneys for Plaintiff*